Jonathan A. Dessaules, Ca. State Bar No. 214650
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
602.274.5400 tel.
602.274.5401 fax
jdessaules@dessauleslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COUNT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DESERT TRAILER SYSTEMS, INC., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TWENTY6 LETTERS CORP., a Nevada corporation; TIMOTHY M. CHILDRESS,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR:**<br><br>**1) BREACH OF CONTRACT**<br>**2) ACCOUNT STATED**<br>**3) UNJUST ENRICHMENT**<br>**4) BREACH OF PERSONAL GUARANTEE**<br>**5) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff, Desert Trailer Systems, Inc. ("Plaintiff"), by way of Complaint against defendants, Twenty6 Letters Corp. ("Twenty6") and Timothy M. Childress ("Childress") (collectively, "Defendants") hereby alleges as follows:

**PARTIES**

1. Plaintiff is an Arizona corporation with its principal place of business located in Phoenix, Arizona that is engaged in the business of leasing trailers and other equipment.

2. Twenty6 is a Nevada corporation conducting business in Orange County, California.

3. Childress is a citizen and resident of Orange County, California.

4. Twenty6 and Childress are engaged in the business of distributing products to retailers.

5. Plaintiff's claims against Defendants stem from their breach of rental agreements and a personal guarantee.

**JURISDICTION AND VENUE**

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in dispute exceeds $75,000 and because Plaintiff and Defendants are citizens of different states. Plaintiff is a citizen of Arizona. Defendants are citizens of Nevada and/or California.

7. This Court has personal jurisdiction over the Defendants because the Defendants principal residence and principal place of business is located in Orange County, California. Therefore, venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (a) and (c).

**GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

8. On or about May 9, 2016, Childress signed a Credit Application with Plaintiff on behalf of Twenty6 in an effort to induce Plaintiff to lease trailers to Twenty6 for its shipping business. A true copy of the Credit Application is attached hereto as Exhibit 1.

9. In a further effort to induce Plaintiff to lease trailers to Twenty6 for its shipping business, Childress signed a personal guarantee where he agreed to pay all sums due and owing to Plaintiff.

10. Based upon the Credit Application and personal guarantee signed by Childress, Plaintiff leased trailers to Twenty6. A true copy of one of the thirty-five (35) Rental Agreements is attached hereto as Exhibit 2 (the agreements are the same except for the identity of the trailer).

11. Not long after signing the Credit Application, personal guarantee and the Rental Agreements, Twenty6 and Childress failed to make payments to Plaintiff.

12. Plaintiff thereafter commenced an investigation and learned that Childress' insurance provided on the trailers had been canceled effective July 26, 2016 (i.e., approximately 2½ months following Childress' execution of the Credit Application and personal guarantee).

13. Although Defendants failed to carry insurance on the rented trailers as required pursuant to the agreements with Plaintiff and failed to pay Plaintiff for the rentals, Defendants continued shipping products with Plaintiff's trailers.

14. On September 2, 2016, Plaintiff sent Childress a demand to return all trailers to its yard in Phoenix, Arizona.

15. In response to Plaintiff's demand for return of the trailers, Twenty6 and Childress threatened to abandon the trailers throughout California if Plaintiff kept demanding return of the trailers and payment from Twenty6.

16. Although Defendants finally made the trailers available to Plaintiff for their return, Defendants still owe Plaintiff over $135,845.05 on the unpaid invoices for renting the trailers.

17. Pursuant to the agreements, the parties agreed that this matter would be governed by Arizona law and that Defendants agreed to pay all costs and reasonable attorneys' fees incurred by Plaintiff for collections.

18. This action arises out of contract and Plaintiff is entitled to its reasonable attorneys' fees and costs pursuant to the parties' agreements and pursuant to Arizona Revised Statute § 12-341.01.

## COUNT ONE
**(Breach of Contract)**

19. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

20. Plaintiff and Twenty6 entered into written agreements for the rental of shipping trailers.

21. Plaintiff has fully performed all of its obligations under the agreements with the expectation that Twenty6 would pay in a timely manner.

22. Twenty6 has substantially and materially breached its agreements with Plaintiff by refusing to pay all amounts due and owing for the rented trailers.

3

23. As a direct and proximate result of the substantial and material breach of the agreements committed by Twenty6, Plaintiff has sustained significant damages in an amount that exceeds the jurisdictional threshold for purposes of diversity of citizenship.

24. Plaintiff is also entitled to its attorneys' fees pursuant to the terms of the agreement and A.R.S. § 12-341.01.

## COUNT TWO
### (Account Stated)

25. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

26. Plaintiff sent Twenty6 regular invoices with a detailed description of the balance due.

27. At no time did Twenty6 object to the invoices or subsequent demands for payment, thereby acknowledging the validity of the amount due to Plaintiff.

28. Twenty6 failed and/or refused to pay Plaintiff the balance due and Plaintiff is entitled to recover the balance due on the account.

29. As a direct result of Twenty6's failure and refusal to pay Plaintiff the balance due, Plaintiff has suffered and continues to suffer damages in the amount of the unpaid invoices.

## COUNT THREE
### (Unjust Enrichment)

30. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

31. By keeping Plaintiff's trailers, using them for essentially free and deriving a benefit to Plaintiff's detriment, Twenty6 has been unjustly enriched at Plaintiff's expense.

## COUNT FOUR
### (Breach of Personal Guarantee)

32. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

33. As discussed above, to induce Plaintiff into renting the trailers to Twenty6, Childress signed a personal guarantee where he personally guaranteed to make all payments due and owing by Twenty6 to Plaintiff.

34. Plaintiff fully performed the agreement by leasing the trailers to Twenty6.

35. Childress substantially and materially breached his personal guarantee by refusing to pay all outstanding amounts owed by Twenty6 to Plaintiff.

36. As a direct and proximate result of Childress' substantial and material breach of his personal guarantee, Plaintiff has suffered significant damage.

### COUNT FIVE
**(Breach of Covenant of Good Faith and Fair Dealing)**

37. Plaintiff incorporates the foregoing allegations as though fully set forth herein.

38. Pursuant to every contract, the parties thereto are under an inherent duty to engage in good faith and treat the other parties to the agreement with good faith.

39. Defendants substantially and materially breached their duty of good faith and fair dealing inherent in their respective agreements by refusing to pay Plaintiff for the trailers, unreasonably holding the trailers 'hostage,' failing to maintain insurance on the trailers and/or generally leasing the trailers from Plaintiff without intending to pay for them.

40. As a direct and proximate result of Defendants' substantial and material breach of their duty of good faith and fair dealing inherent in their respectively signed agreements, Plaintiff has sustained significant damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands and prays for judgment against Defendants, Twenty6 Letters Corp. and Timothy M. Childress, jointly and severally, as follows:

(A) Awarding judgment in Plaintiff's favor and against Defendants in an amount no less than $135,845.05;

(B) Awarding Plaintiff its damages as proven at trial in an amount no less than $135,845.05;

(C) Awarding Plaintiff the costs of suit, reasonable attorneys' fees and pre-judgment and post-judgment interest;

(D) Awarding Plaintiff attorneys' fees and costs for collection after entry of Judgment upon application to the Court; and

(E) Awarding Plaintiff such further relief as this Court deems just and proper.

DATED this 8th day of March 2017.

                    DESSAULES LAW GROUP

                    By: /s/ Jonathan A. Dessaules
                          Jonathan A. Dessaules
                          *Attorneys for Plaintiff*